UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE BAKER, #119674,

        Petitioner,

v.                                CASE NO. 05-CV-72831-DT
                                HONORABLE DENISE PAGE HOOD

MARY BERGHUIS,

        Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)
AND CLOSING CASE**

      Petitioner Archie Baker, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction for attempted larceny from a building which was imposed pursuant to a guilty plea in the Wayne County Circuit Court in 1968. Petitioner was sentenced to one to two years imprisonment with credit for 252 days served. Petitioner is no longer in custody pursuant to this conviction, but claims that it was improperly used to sentence him as a fourth habitual offender relative to his 1979 criminal sexual conduct convictions. Petitioner has filed a prior habeas petition in federal court challenging his habitual offender status. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition.

1

*See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  This requirement transfers to the court of appeals a screening function which the district court previously performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a federal habeas petition challenging his fourth habitual offender status, which was denied on the merits.  *See Baker v. Straub*, No. 97-CV-40513-FL (E.D. Mich. April 9, 1999) (Gadola, J.) (fourth habitual offender conviction resulted in 60 to 90-year sentence in place of 10 to 15-year sentence for 1979 Washtenaw County third-degree criminal sexual conduct conviction).  Petitioner has also filed two other habeas petitions in this District, which have been denied.  *See Baker v. Elo*, No. 96-CV-40136-FL (E.D. Mich. June 23, 1997) (Gadola, J.) (challenging 1979 Livingston County first-degree criminal sexual conduct conviction); *Baker v. Stegall*, No. 92-CV-10208-BC (E.D. Mich. Dec. 20, 1995) (Cleland, J.) (challenging 1979 Washtenaw County first-degree criminal sexual conduct conviction).  Petitioner has not obtained appellate authorization to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly,

The Court **ORDERS** the Clerk of the Court to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court,

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:
Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

IT IS FURTHER ORDERED that this habeas petition is CLOSED pending the Sixth Circuit Court of Appeals' decision.  The case will be reopened if Petitioner receives permission from the Sixth Circuit Court of Appeals to go forward with the Petition before this Court.  Once the case is reopened, the Court will determine, under E.D. Mich. LR 83.11(b)(7), whether this Petition is a companion to previously-filed habeas cases.


    /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:   August 31, 2005