## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ARCHIE BAKER, #119674,**

        **Petitioner,**

**v.**                      **CASE NO. 05-CV-72831-DT**
                             **HONORABLE DENISE PAGE HOOD**

**MARY BERGHUIS,**

        **Respondent.**

_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

### I. Introduction

Petitioner Archie Baker, a Michigan prisoner, has filed a petition for writ of habeas

corpus under 28 U.S.C. § 2254 challenging a state court conviction for attempted larceny from a

building which was imposed pursuant to a guilty plea in the Wayne County Circuit Court in

1968. Petitioner was sentenced to one to two years imprisonment with credit for 252 days

served. Petitioner is no longer directly in custody pursuant to this conviction, but claims that it

was improperly used to sentence him as a fourth habitual offender relative to a 1979 third-degree

criminal sexual conduct conviction for which he was sentenced to 60 to 90 years imprisonment.[1]

Respondent has filed an answer to the petition asserting that it should be dismissed as untimely,

for lack of jurisdiction, pursuant to the concurrent sentence doctrine, and/or for lack of merit.

---

[1]Petitioner is also serving a sentence of 40 to 60 years imprisonment on a 1979 first-degree criminal sexual conduct conviction and a sentence of life imprisonment on a 1982 first-degree criminal sexual conduct conviction.

For the reasons set forth, the Court dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## II. Facts and Procedural History

Petitioner pleaded guilty to attempted larceny from a building in the Wayne County Circuit Court on June 4, 1968 and was sentenced to one to two years imprisonment with credit for 252 days served on June 18, 1968. There is no indication in the record before this Court that Petitioner appealed this conviction in the state courts.

On November 15, 2002, Petitioner filed a motion for relief from judgment with the state trial court asserting that the 1968 conviction should be vacated because counsel was not present when he entered his plea. The trial court denied the motion in a written order dated November 26, 2002. In January, 2003, Petitioner filed a motion for reconsideration regarding that decision which was given to a successor judge. That judge conducted a hearing, but denied the motion on April 9, 2003. Petitioner sought leave to appeal in the Michigan appellate courts, but his applications were denied. *See People v. Baker*, No. 252014 (Mich. App. Feb. 9, 2004); *People v. Baker*, No. 125698 (Mich. Nov. 29, 2004).

Petitioner dated the present habeas petition on July 8, 2005. The Court initially transferred this case to the United States Court of Appeals for the Sixth Circuit as a second or successive petition, but the Sixth Circuit concluded that Petitioner had not challenged the constitutionality of his 1968 conviction in his prior federal habeas cases and remanded the case to this Court. In his pleadings, Petitioner asserts that he is entitled to habeas relief because his 1968 guilty plea conviction was obtained in the absence of counsel in violation of *Gideon v. Wainwright*, 373 U.S. 335 (1963). Respondent filed an answer to the petition on April 7, 2006

asserting that it should be dismissed as untimely, for lack of jurisdiction, pursuant to the

concurrent sentence doctrine, and/or for lack of merit.  Petitioner filed a reply to that answer

asserting that the statute of limitations should not bar his petition and that his habeas claim has

merit.  Respondent filed a supplemental answer to the petition on August 31, 2007 providing

additional facts and documentation in support of the statute of limitations defense.  Petitioner has

filed a reply to that answer again contending that the statute of limitations should not bar his

petition and that his habeas claim has merit.

### III.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq*., became effective on April 24, 1996.  The AEDPA governs the filing date

for this action because Petitioner filed his petition after the AEDPA's effective date.  *See Lindh*

*v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a one-

year period of limitations for habeas petitions brought by prisoners challenging state court

judgments.  The revised statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized
by the Supreme Court and made retroactively applicable to cases on
collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's 1968 conviction became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date were given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment challenging the constitutionality of his 1968 conviction until November 15, 2002.[2] Thus, the one-year grace period had expired well before Petitioner sought state post-conviction or collateral review of that 1968 conviction. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

---

[2]In his initial reply to Respondent's answer, Petitioner asserted that he filed a motion for relief from judgment in the Wayne County Circuit Court in July, 1996 which remained pending in that court until November, 26, 2002. In his supplemental reply, however, Petitioner admits that the 1996 motion was filed in the Washtenaw County Circuit Court and concerned his criminal sexual conduct and habitual offender convictions. Those convictions are not part of this habeas proceeding.

Petitioner's state post-conviction proceedings, instituted in 2002, did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). Contrary to Petitioner's assertion, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that his habeas claims are based upon newly-discovered facts or newly-recognized constitutional rights. Rather, he asserts that the state created an impediment to the filing of his habeas petition because he was not provided with his state criminal trial transcripts upon his request in 1979 when he was charged as a fourth habitual offender based, in part, upon his 1968 conviction. Petitioner, however, has not established that the state created an impediment to the filing of his habeas petition in a timely manner. First, it is well-settled that a prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317 (1976), and that the lack of a transcript itself is not a circumstance which justifies equitable tolling of a period of limitation. *See Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). Second, Petitioner has not shown that the inability to obtain transcripts prevented him from timely seeking habeas review. *See Young v. Curtis*, 102 Fed. Appx. 444, 447 (6th Cir. 2004). For example, he could have filed a state post-conviction motion or federal habeas petition within the one-year grace period and then sought production of the transcripts or other materials relevant to his claim. Petitioner was able to file his motion for relief from judgment in

2002 despite his inability to obtain transcripts. He has not explained why he was unable to take such action sooner or to otherwise proceed more diligently on his habeas claim. Tolling is unwarranted under such circumstances. *See Williams v. Vasbinder*, No. 05-CV-74371-DT, 2006 WL 2123908, *4 (E.D. Mich. 2006).

The Court further notes that requests for transcripts and other legal materials do not operate to toll the one-year period. *See Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002); *Johnson v. Randle*, 28 Fed. Appx. 341, 343 (6th Cir. 2001); *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001) (noting that a prisoner has the option of filing a timely petition and then seeking discovery and amending the petition). Petitioner's efforts to obtain transcripts did not toll the one-year period. Petitioner's habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado v. Burt*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in

> pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the
> petitioner's reasonableness in remaining ignorant of the legal requirement for
> filing his claim.

*Dunlap*, 250 F.3d at 1008.

Petitioner has not set forth sufficient circumstances which caused him to institute his state court motion for relief from judgment after the expiration of the one-year limitations period. Petitioner's inability to obtain or pay for copies of his legal documents is not an extraordinary circumstance which justifies equitable tolling. *See, e..g, Roland v. Motley*, No. 05-217-DLB, 2006 WL 2457936, *6 (E.D. Ky. Aug. 22, 2006) (citing cases). Additionally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases ruling that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, _ U.S. _, 126 S. Ct. 2064, 2077 (2006) (reiterating that a federal habeas court must consider all the

evidence, new and old, exculpatory and inculpatory, in determining an actual innocence

exception to a procedural bar). A valid claim of actual innocence requires a petitioner "to

support his allegations of constitutional error with new reliable evidence – whether it be

exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence –

that was not presented at trial." *Schlup*, 513 U.S. at 324. "A petitioner's burden at the gateway

stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable

juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that

more likely than not any reasonable juror would have reasonable doubt." *House*, 126 S. Ct. at

2077. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."

*Bousley*, 523 U.S. at 623. Petitioner has made no such showing as to his 1968 guilty plea

conviction. He has failed to demonstrate that he is entitled to tolling of the one-year period. His

habeas petition is therefore untimely and subject to dismissal.

### IV. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his

habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and

that the statute of limitations precludes federal review of the petition. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH**

**PREJUDICE**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
DATED: October 31, 2007      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of
record on October 31, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager